Battle, J.
This is an appeal from an interlocutory order, made in the Superior Court of Haywood county,' by Readé, Judge. In the argument here it was said," by the counsel, that the order was made in a proceeding to review the decision of the Clerk in passing upon the sufficiency of a deposition, as prescribed in the Rev. Code, ch. 31/feee. 63., But the record does not show that the Clerk had passed upon the, deposition at all, and of course does mot show that there was any' appeal from any order made by him. The order of the Judge does not appear to have been made on the trial of the cause, for, so far as the record shows, there was no jury impanneled to try it. All that appears from the record, is, that the deposition was brought to the notice of the Court, preparatory to the trial, and the question was submitted to the presiding Judge, whether it was taken under such circumstances as would allow of its being read on the trial,-and he decided *85 against its admissibility. Sucb being tbe-ease, be bad n« jurisdiction to'make tbe order, and there haring been no cause before tbe Court, there could be no appeal under the 23d section of the 4th chapter of the Revised Code. The consequence is that the appeal must be dismissed as haviug been improvidently granted. Whether, if the record had shown’ an appeal from the decision óf the clerk to the Court, the Judge might have decided on the appeal, before the jury was impahncled in the :cause, and allowed an appeal from his order to this Court, or whether it was necessary to offer the deposition on the trial, and let its admission or rejection form an item in a bill of exceptions, is an interesting question of practice, which wé will not undertake to decide until it is properly brought before us.
The appeal must be dismissed at the cost* of the appellant.